Case 4:21-cv-00459   Document 17   Filed on 10/28/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 28, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA F.,[1] | § § § | |
| Plaintiff, | § § | No. 4:21-cv-0459 |
| v. | § § | |
| KILOLO KIJAKAZI,[2] Acting Commissioner of Social Security, | § § § § § | |
| Defendant. | § § § | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Teresa F. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act ("the Act").[3] Plaintiff filed a motion for summary

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] The suit was originally filed against Andrew Saul, the then-Commissioner of the Social Security Administration ("SSA"). Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been automatically substituted as Defendant.

[3] On June 23, 2022, the district judge before whom this case is pending referred it for all pretrial

judgment, Pl.'s MSJ, ECF No. 15. Plaintiff seeks an order remanding the case for an award of benefits or further consideration, arguing that substantial evidence does not support the ALJ's Residual Functional Capacity ("RFC"). *Id.* Defendant does not address Plaintiff's arguments but requests the Court reverse and remand the case to the Commissioner. Def.'s Mot., ECF No. 16. Plaintiff does not oppose Defendant's motion. *Id.* at 2. Based on the record and the applicable law, the Court recommends Defendant's motion to reverse and remand be granted.

## I.  BACKGROUND

Plaintiff is 48 years old, R. 366,[4] and completed high school and some college classes. R. 63. Plaintiff worked as a cashier. R. 39. Plaintiff alleges a disability onset date of March 30, 2016. R. 31. Plaintiff claims she suffers physical and mental impairments. R. 140.

On May 13, 2016, Plaintiff filed her application for disability benefits and Social Security income under Titles II and XVI of the Act. R. 366–77. Plaintiff based her application on back, thyroid, foot, and shoulder problems and stress and anxiety. R. 140. The Commissioner denied her claim initially, R. 138–99, and on reconsideration. R. 200–01.

---

purposes pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 12. The Plaintiff's motion for summary judgment and Defendant's motion to reverse and remand are appropriate for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[4] "R." citations refer to the electronically filed Administrative Record, ECF Nos. 9-10.

Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ"). R. 55–91. An attorney represented Plaintiff at the hearing. R. 56. Plaintiff, two medical experts, and a vocational expert ("VE") testified at the hearing. R. 56. The ALJ issued a decision denying Plaintiff's claims for benefits. R. 202–20. The Appeals Council granted Plaintiff's request for review, vacating the ALJ's decision and remanding the case to the ALJ for further administrative proceedings. R. 223–24.

On remand, a hearing was held before an ALJ. R. 92–137. An attorney represented Plaintiff at the hearing. R. 93. Plaintiff, two medical experts, and a vocational expert ("VE") testified at the hearing. R. 93. The ALJ issued a decision denying Plaintiff's claims for benefits.[5] R. 25–50. The Appeals Council denied

---

[5] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step five. R. 41. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since her alleged onset date. R. 31 (citing 20 C.F.R. 404.1571 *et seq*. and 20 C.F.R. 416.971 *et seq*.). At step two, the ALJ found that Plaintiff has the following severe impairments: rheumatoid arthritis, fibromyalgia, psoriatic arthritis, obesity, chronic pain syndrome, and status post laminectomy at L4-5. R. 31 (citing 20 C.F.R. 404.1520(c) and 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 31–33 (referencing 20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). R. 33–39. However, the ALJ added limitations, including that Plaintiff could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; could stand and/or walk with normal breaks for a total of six hours in an eight-hour workday; could sit with normal breaks for a total of about six hours in an eight-hour workday; could push and pull within those stated exertional limitations; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; can never climb ladders ropes or scaffolds; must avoid working in areas with concentrated exposure to extreme heat and extreme cold; and cannot perform jobs requiring exposure to the sun. *Id*. At step four, the ALJ determined that Plaintiff is capable of performing past relevant work as a cashier/checker. R. 39. At step five, based on the testimony of the VE and a review of the report, the ALJ concluded that considering Plaintiff's age, education, work experience, and RFC, in addition to past relevant work,

3

Plaintiff's request for review, affirming the ALJ's denial of benefits. R. 1–5. Plaintiff filed this action, appealing the determination. ECF No. 1.

## II. REMAND IS APPROPRIATE.

Defendant requested the Court reverse and remand the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings and enter a final judgment. ECF No. 16 at 1. Defendant represents Plaintiff does not oppose the motion. *Id.* at 2.

A district court, reviewing final agency decisions on Social Security benefits, may remand only pursuant to sentence four[6] or sentence six[7] of § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). A sentence four remand "authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan*

---

Plaintiff could also perform other jobs that exist in significant numbers in the national economy, including housekeeping cleaner, sales attendant, and cafeteria attendant. R. 39-40. Therefore, the ALJ concluded that Plaintiff was not disabled. R. 41.

[6] Sentence four provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g), sentence four.

[7] Sentence six provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g), sentence six. A sentence six remand "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala*, 509 U.S. at 297 n.2 (citing § 405(g), sentence six). Because the Commissioner already answered, ECF No. 8, and has not presented any new evidence, ECF No. 15, sentence six is not applicable here.

*v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting § 405(g), sentence four) (quotations removed). Also, for a sentence four remand, the district court has the power to enter the order "upon the pleadings and transcript of record." 42 U.S.C. 405(g).

"The Supreme Court has noted that a remand for further administrative proceedings, such as the requested remand in the instant case, is a sentence four remand." *Fitzgerald v. Kijakazi*, No. 7:21-CV-00148, 2022 WL 1037461, at *4 (S.D. Tex. Mar. 29, 2022), *report and recommendation adopted*, No. CV M-21-148, 2022 WL 1028074 (S.D. Tex. Apr. 5, 2022) (where the defendant requested reversal and remand for further administrative proceedings (citing *Shalala*, 509 U.S. at 298; *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990))). A sentence four remand requires entry of a judgment. *Id.* (citing *Shalala*, 509 U.S. at 297–98; *Luna v. U.S. Dep't of Health & Human Servs.*, 948 F.2d 169, 172 (5th Cir. 1991)).

Here, Defendant requests reversal and remand for further proceedings and entry of a final judgment. ECF No. 16 at 1. A request for reversal and remand based on a request for further administrative proceedings is equivalent to the need for further factfinding and is thus proper pursuant to § 405(g). *Fitzgerald*, 2022 WL 1037461, at *4. Therefore, pursuant to § 405(g), reversal and remand are proper along with entry of a final judgment.

## III. CONCLUSION

The Court **RECOMMENDS** that Defendant's motion to reverse and remand,

ECF No. 16, should be **GRANTED**. Accordingly, the Court recommends the Commissioner's determination that Plaintiff is not disabled should be **REVERSED**. This case should be **REMANDED** to the Commissioner for further proceedings. It is further recommended that Plaintiff's motion for summary judgment, ECF No. 15 be **DENIED** as moot, and Plaintiff's Complaint, ECF No. 1, be **DISMISSED without prejudice**. And that the Court enter a final judgment.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

**SIGNED** at Houston, Texas, on October 28, 2022.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**