Case 4:21-cv-00459   Document 25   Filed on 01/19/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERESA F.,[1] | § § § | |
| *Plaintiff,* | § § | |
| | § | No. 4:21-cv-0459 |
| v. | § § | |
| KILOLO KIJAKAZI,[2] | § § | |
| Acting Commissioner of Social Security, | § § § | |
| | § § | |
| *Defendant.* | § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON AWARD OF ATTORNEY'S FEES

Pending before the Court is Plaintiff Teresa F.'s motion to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.'s Mot., ECF No. 23 as the prevailing party.[3] The parties have filed a joint stipulation for the award of EAJA attorney's fees. Jt. Stip., ECF No. 21

---

[1] The Court uses only Plaintiff's first name and last initial. *See* "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions," Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018).

[2] The suit was originally filed against Andrew Saul, the then-Commissioner of the Social Security Administration ("SSA"). Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been automatically substituted as Defendant.

[3] The district judge to whom this case is assigned referred Plaintiff's motion for attorney's fees. Order, ECF No. 24. A motion for attorney's fees is appropriate for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B).

at 1. Based on the briefing, the evidence, and the applicable law, the Plaintiff should be awarded the stipulated amount.

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A).[4] The purpose is "to ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r, Soc. Sec. Admin.*, No. 6:16-CV-00210-RC, 2017 WL 4922048, at *1 (E.D. Tex. Oct. 31, 2017) (quotations removed); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

This Court previously granted Defendant's request to reverse and remand the Administrative Law Judge's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. R&R, ECF No. 17 at 4–6; Order adopting R&R, ECF No. 18 at 1. The claimant is a prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g). *Shalala v. Shaefer*, 509 U.S. 292, 300–01 (1993); *Matthews v. Berryhill*, No. 4:18-

---

[4] In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the court finds the position of the government was not substantially justified, and (4) no special circumstances make the award unjust. *Brian K. L. v. Comm'r of Soc. Sec.*, No. 4:20-CV-02810, 2022 WL 2704851, at *1 (S.D. Tex. July 12, 2022) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party. In her motion, Plaintiff originally sought fees in the amount of $8,570.09 and submitted supporting evidence. ECF No. 23 at 3-4; ECF No. 23-1 at 1-3. Subsequently, the parties filed their joint stipulation, stating they agreed to an award of EAJA attorney's fees in the amount of $8,170.00. Jt. Stip., ECF No. 21 at 1. Accordingly, the Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case in the stipulated amount of $8,170.00. *See Hardy v. Comm'r of Soc. Sec.*, No. SA-21-CV-00815-ESC, 2023 WL 28442, at *1 (W.D. Tex. Jan. 3, 2023) (finding the plaintiff was entitled to an award of attorney's fees under the EAJA when the parties filed a joint stipulation indicating they agreed to an award of $8,073.00).

## CONCLUSION

The Court **RECOMMENDS** that, pursuant to the parties' stipulation, Plaintiff's motion for attorney's fees, ECF No. 23, be **GRANTED**, as follows:

1. Plaintiff should be awarded $8,170.00 in attorney's fees pursuant to the EAJA, subject to any offset under the Treasury Offset Program, 31 U.S.C. §3716 (c)(3)(B), by check made payable to Plaintiff and mailed to Plaintiff's counsel.

2. Defendant's payment of this amount bars all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

3. Defendant's payment of this amount is without prejudice to Plaintiff's right to seek attorney's fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

**SIGNED** at Houston, Texas, on January 19, 2023.

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**